

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Farris Pirtle
County Auditor, Fannin County
Bonham, Texas

Dear Sir:

Opinion No. O-5744
Re: Salaries of county officials
of Fannin County.

We have your letter of March 28, 1944, requesting
the opinion of this department on the questions stated therein.
The letter reads, in part, as follows:

"I have been County Auditor of Fannin County
for five months and find that the Officers Salary
Fund is very badly in the red and is growing worse
monthly. As I see the matter there are two possible
explanations: Financially, the county can not finance
such high salaries of the heads of the Fee Offices,
or through neglect of these offices to collect the
legal fees, it is not doing so.

"May I submit the following questions:

"1. Are the salaries of the Heads of the
County Judge, County Clerk, County Sheriff, County
Assessor-Collector, and District Clerk's Offices
fixed by statute?

"2. If the County Commissioners Court of
Fannin County find that the fees collected do not
support the high salaries paid the heads of the
Fee Offices, does this county possess the authority
to put the county back on the Fee Basis?

"3. Does the Fannin County Commissioners
Court have the legal authority to lower the salar-
ies of the above named offices effective Jan. 1,
1945, thus informing all prospective candidates
now just what each office will pay beginning Jan. 1,
1945?
** * **"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENT...

Honorable Farris Pirtle, page 2

Fannin County had a population of 41,163 inhabitants according to the 1930 Federal Census. The population of said county according to the 1940 Federal Census is 41,064 inhabitants. Therefore, Article 3912e, Vernon's Annotated Civil Statutes, commonly known as the "Officers' Salary Law" is applicable to said county.

Section 61, Article 16 of the State Constitution, provides:

"All district officers of the State of Texas and all county officers in counties having a population of twenty thousand or more, according to the then last preceding Federal Census, shall from the first day of January and thereafter, and subsequent to the first regular or special session of the Legislature after the adoption of this resolution, be compensated on a salary basis. In all counties in this State, the commissioners' court shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis; and in counties having a population of less than twenty thousand, according to the then last preceding Federal Census, the commissioners' court shall also have the authority to determine whether the county officers shall be compensated on a fee basis or on a salary basis.

"All fees earned by district, county and precinct officers shall be paid into the County Treasury where earned for the amount of the proper fund, provided the fees incurred by the State, county and any municipality, are in case where a pauper's oath is filed, shall be paid into the County Treasury when collected, and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the Treasury of the county as the commissioners' court may direct. All notaries public, county surveyors and public weighers shall continue to be compensated on a fee basis."

Section 13 of Article 3912e, Vernon's Annotated Civil Statutes, provides, in part:

Honorable Farris Pirtle, page 3

"The commissioners' court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor-collector of taxes, county judge, county attorney, including criminal district attorneys, and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officers under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census and having an assessed valuation in excess of fifteen million($15,000,000.00) dollars, according to the last approved preceding tax roll of said county the maximum amount allowed such officers as salary may be increased one per (1%) cent for each one million ($1,000,000.00) dollars valuation or fractional part thereof, and in excess of said fifteen million ($15,000,000.00) dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935, and provided that counties having a population of thirty-seven thousand five hundred (37,500) and less than sixty thousand (60,000) according to the last preceding Federal Census and having an assessed valuation in excess of twenty million ($20,000,000.00) dollars, according to the last preceding approved tax roll of said county, the maximum amount allowed such officers as salaries, may be increased one (1%) per cent for each one million ($1,000,000.00) dollars valuation or fractional part thereof, in excess of said twenty million ($20,000,000.00) dollars valuation over and above the maximum amount allowed such officers under the laws existing on August 24, 1935. ****"

Section 13, Article 3912e, supra, specifically provides that the salaries of the officers named therein shall be paid in

twelve equal installments of not less than the total sum earned in compensation by him in his official capacity for the fiscal year of 1935, and not more than the maximum amount allowed such officer under the laws existing on August 24, 1935. If Fannin County has an assessed valuation in excess of twenty million dollars according to the last preceding approved tax roll of such county, the maximum amount allowed such officers as salary may be increased one per cent for each one million dollars or fractional part thereof, in excess of the said twenty million dollar valuation over and above the maximum amount allowed such officer under laws existing on August 24, 1935.

It is noted that you refer to "Heads of the County Judge, County Clerk,"etc. For the purposes of this opinion, we assume that you mean the county officials named in the first question submitted in your inquiry.

In answer to your first question you are advised that the minimum and maximum salaries of such county officials are fixed by statute and that the commissioners' court in determining the amount of salaries to be received by such county officials has the right and authority under Section 13, Article 3912e, supra, to fix the salaries of such officials in any amount not less than the total sum earned as compensation by the officer in his official capacity for the fiscal year of 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. (In support of this statement see the cases of Nacogdoches County v. Jinkins, 140 S. W. (2d) 901; and Nacogdoches County v. Winder, 140 SW (2d) 972)

In answer to your second question, you are respectfully advised that the commissioners' court of Fannin County has no authority whatsoever to put the county back on a fee basis in view of the foregoing provisions of the Constitution and statutes cited above.

With reference to your third question, you are advised that it is our opinion that the commissioners' court of Fannin County has no legal authority to lower the salaries of the county officials of said county effective January 1, 1945. However, when the commissioners' court of said county meets at its first regular session in January 1945 to fix the salaries of said officials the court must in view of the foregoing statutory provisions, fix the salaries of such county officials as required by Section 13, Article 3912e, supra. Stated another way, the commissioners' court of said

county at its first regular meeting in January 1945 has the right and it is its duty to fix the salaries of said county officials, as heretofore stated, at not less than the total sum earned in compensation by each officer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under the laws existing on August 24, 1935.   The salaries of such officers named in Section 13, Article 3912e shall be paid in twelve equal installments as provided in said statute. (Section 13, Article 3912e).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP



APPROVED
OPINION
COMMITTEE
BY